**Bernard WEBB et al., Appellants,**

v.

**Curtis Ralph STURGILL et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 9, 1960.

P. H. Vincent, Ashland, for appellants.

William E. Fanning, Ashland, H. E. Hay, Asst. Atty. Gen., Calvin Gearhart, County Atty., Catlettsburg, for appellees.

CLAY, Commissioner.

The individual appellee plaintiffs brought this suit to enjoin defendant appellants from obstructing a county road and an "access" road which leads to Highway 60 near Ashland. Subsequently Boyd County and the Commonwealth intervened and joined with the plaintiffs in requesting similar relief. The court found as a fact that defendants were obstructing both the county road and the access road and ordered them to remove all of the obstructions placed by them thereon, including a building. On this appeal defendants take the position that the judgment is not based on sufficient evidence and is contrary to law.

Since prior to 1918 there has existed in Boyd County a county road known as the Ashland-Cannonsburg Pike. At one time it had a brick paving 16 feet in width with 4 foot berms and part of it became U.S. 60. In 1934 the Commonwealth relocated U.S. 60 and constructed an access road which linked the new highway with the county road. Defendants' land is subject to the easement of the county road, the access road and U.S. 60. They constructed a

building practically in the middle of the county road right-of-way and also erected another structure which encroaches on the access road.

 There was adequate proof by expert witnesses that defendants' structures do obstruct both the county road and the access road. Defendants offered no proof to the contrary. They here contend the Chancellor should not accept the testimony of the plaintiffs' principal expert witness because he is a "professional" witness. We cannot comprehend how the participation of this witness in other litigation could disqualify him from testifying about matters within his own personal knowledge. He at one time was the Boyd County engineer, had supervised the construction of the county road involved, and was personally familiar with the changes made in Highway 60. It is difficult to imagine a better qualified witness on the matters involved in this controversy. His testimony, coupled with other evidence, furnished most substantial proof in support of the Chancellor's findings of fact.

 Defendants also contend that as a matter of law they had a right to occupy the land within the bounds of the Highway 60 right-of-way as long as they did not obstruct the paved portion of Highway 60. This argument is irrelevant. The judgment did not, directly or by implication, undertake to determine defendants' rights to occupy the unused land within the Highway 60 right-of-way. This case involves the interference with other easement rights, i. e., the obstruction of the county road and the access road.

In his findings of fact and conclusions of law the Chancellor carefully decided all of the pertinent issues and the judgment is amply supported by the record.

Defendants insist the judgment is indefinite and impossible to interpret. It causes us no difficulty whatever.

The judgment is affirmed.