THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS 78711
ATTORNEY GENERAL



August 29, 1966

Honorable Gene Russell                Opinion No. C-744
County Attorney
Burnet County                         Re:  Construction of Article
Burnet, Texas                              8309c, Vernon's Civil
                                           Statutes, relative to
                                           counties becoming self-
                                           insuring or purchasing
                                           workmen's compensation
Dear Mr. Russell:                          insurance.

          Your letter requesting an opinion of this office
reads, in part, as follows:

          "The Constitution of the State of Texas
     (Article III, Sec. 60) authorized the Legisla-
     ture to pass a law permitting the counties of
     Texas to become self-insuring or to purchase
     workmen's compensation insurance.  Article
     8309c (at Section 3), in fact gives the
     counties such authority.

          "The Act provides (at Section 16) that
     the county may set aside. . .an amount not to
     exceed 5% of the annual employee payroll for
     the payment of costs etc. authorized by the
     Act.  Section 3 provides that the Act shall
     not be mandatory but that if the provisions
     of the Act are adopted, then it shall be
     mandatory that the county be either self-
     insuring or that it purchase workmen's
     compensation insurance. . . .

          "(1)  Does the Act refer to 'self-insuring'
     as the status of the county, if it adopts the
     provisions of the Act (but without taking out
     insurance with a private carrier), or to the
     status of a county which does not choose to
     come under the Act at all, or to both?

          "(2)  Does it in any way purport to enlarge
     the liability of a county which does not elect
     to come under the provisions of the Act?

-3587-

"(3)   And, finally, if a county does elect to come under the Act, does the authorization for it to set aside up to 5% of the annual employee payroll in any respect imply that its statutory liability is limited by the amount which it does set aside if it sets aside less than the 5% referred to (or is this last simply a financing provision implying no correlation with liability)."   (Enumeration of questions added for clarification.)

Section 60 of Article III of the Constitution of Texas provides that the Legislature has power to pass laws necessary to provide Workmen's Compensation Insurance for all county employees.   Article 8309c of Vernon's Civil Statutes provides Workmen's Compensation for all county employees and adopts liability provisions of the general Workmen's Compensation statutes including Article 8306 and 8307.

In answer to your first question, it is our opinion that the term "self-insuring" as applied to counties refers to the status of a county which has adopted the Act (Article 8309c) and chooses to carry its own risk of liability as opposed to purchasing coverage of this risk under the Act from a private carrier.

In answer to your second question, it is our opinion that the Legislature did not intend that counties which elected to become self-insurers or subscribers under Workmen's Compensation Act should be deprived of their common law defenses nor have their risk of liability enlarged by their choice of nonparticipation.   In answer to your second question, it is noted that Section 6 of Article 8309c, although adopting certain provisions of Article 8306, Vernon's Civil Statutes, "insofar as applicable," did not adopt Section 4 of that Article.   Section 4 provides for the rights of employees whose employers are not subscribers to that Act.   Section 4 further provides that such an employee may bring suit against and recover damages from an employer to whom that Act applies. Said Section 4 further states, "and the provisions of Section 1 of this law shall be applied in all such actions." Section 1 provides for the abolition of the common law defenses of contributory negligence and assumed risk.   It is our opinion that by not adopting Section 4 of Article 8306, the Legislature did not intend that counties who

elected not to become a self-insurer or subscriber under the Act should be deprived of their common law defenses. Boswell v. City of Sweetwater, 341 S.W.2d 664 (Tex. Civ. App. 1961, error ref.)

In answer to your third question, it is our opinion that the authorization for a county to set aside up to 5% of the annual employee payroll is a financing provision and has nothing to do with liability. If adoption of the Act is voted by a county, then the statutory provisions shall be applicable to that county, and the county is charged with the administration of the Act. 61 Tex.Jur.2d 546, 320. All liability provisions either set forth specifically by the Act or adopted by the Act from the general Workmen's Compensation provisions are applicable to the county and it is charged with administration of those liability provisions.

### S U M M A R Y

The term "self-insuring" as applied to counties refers to a county which has adopted Article 8309c and chooses to carry its own risk of liability under the Act rather than purchase coverage of that risk from a private insurance company.

Counties which do not adopt the Act are not deprived of common-law defenses, and their liability is not affected.

The authorization by the Act for a county to set aside up to 5% of the annual employee payroll is a financing provision and has nothing to do with liability.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: Gordon Houser
Gordon Houser
Assistant Attorney General

GH:sck

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman

W. O. Shultz
Wade Anderson
Malcolm Quick
Paul Phy

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright